UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIAMPIERO LANDONI and<br>Corso Europa 97<br>I-20017 RHO (Milano)<br>Italy<br><br>MAURO LANDONI<br>Via Motta 21<br>CH-6900 Lugano<br>Switzerland<br>          Plaintiffs,<br><br>v.<br><br>PIETRO BARBI<br>4722 Upton Street, NW<br>Washington, DC 20016<br><br>     Serve:<br>          Pietro Barbi<br>          4722 Upton Street, NW<br>          Washington, DC 20016<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR MONEY DAMAGES

Plaintiffs Giampiero Landoni and Mauro Landoni ("Plaintiffs"), by and through undersigned counsel, bring this Complaint for Money Damages against Defendant Pietro Barbi ("Defendant"). In support thereof, Plaintiffs state as follows:

### PARTIES

1.  Plaintiffs are Italian citizens. Giampiero Landoni resides at Corso Europa 97, I-20017 RHO Milano, Italy. Mauro Landoni resides at Via Motta 21, Ch-6900 Lugano, Switzerland.

2. Upon information and belief, Pietro Barbi is a business consultant, residing at 4722 Upton Street, NW, Washington, DC 20016.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(2), because the action is between citizens of different states or countries and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue in this Court is proper under 28 U.S.C. §§ 1391(a), because Defendant resides in this judicial district.

## BACKGROUND FACTS

5. For a period of time from November 2003 until July 2005, Plaintiffs invested $787,500.00 in the financial venture of Defendant, known as the PETRUS project. A schedule of the advances made by Plaintiffs, along with an English translation, is attached hereto as Exhibit A. Plaintiffs made such advances based upon Defendant's specific representation that he would guarantee repayment of the monies Plaintiffs invested in PETRUS.

6. On or about September 28, 2005, Defendant wrote a letter ("Guarantee Agreement") confirming his guarantee that if the financial venture or operation did not turn out for whatever reason, Defendant would be personally responsible for the money invested by Plaintiffs and would return all the money invested to Plaintiffs by November 30, 2005. The Guarantee Agreement, along with an English translation, is attached hereto as Exhibit B.

7. The financial venture turned out to be unsuccessful. Despite demand, Defendant failed to reimburse Plaintiffs the money invested in PETRUS on or before November 30, 2005, in accordance with the Guarantee Agreement and Defendant still has not reimbursed any amount of money to Plaintiffs.

8. On or about May 11, 2006, Defendant sent a letter to Plaintiff Giampiero Landoni confirming that he would transfer the amount due to Plaintiffs by June 12, 2006. Again, despite these promises, Defendant failed to pay to Plaintiffs any of the monies due under the Guarantee. The May 11, 2006 letter, along with an English translation, is attached hereto as Exhibit C.

## COUNT I
### Breach Of Contract (Guarantee Agreement)

9. Plaintiffs restate the allegations of paragraph 1 through 8 of their Complaint.

10. In the Guarantee Agreement, Defendant agreed to reimburse Plaintiffs for all funds invested in PETRUS should the investment fail to achieve a positive return. Based upon this representation, Plaintiffs advanced $787,500.00 to PETRUS.

11. Plaintiffs' acceptance of Defendant's offer of a guarantee is a valid, binding, and enforceable contract between Plaintiffs and Defendant.

12. Plaintiffs performed their obligations under this Guarantee Agreement.

13. Defendant, however, failed to perform his obligations under the Guarantee Agreement by failing to reimburse Plaintiffs any of the monies advanced in support of the PETRUS investment. Defendant's failure to reimburse Plaintiffs is a breach of the Guarantee Agreement.

14. As a direct and proximate result of Defendant's breach of the Guarantee Agreement, Plaintiffs have been injured and continue to suffer further injury.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against Defendant in the amount of $787,500.00 or such other amount as Plaintiffs prove at trial, together with interest, costs, and attorneys' fees.

## COUNT II
### Promissory Estoppel

15. Plaintiffs restate the allegations of paragraphs 1 through 14 of their Complaint.

16. Defendant promised to reimburse Plaintiffs for all funds invested in PETRUS should the investment fail to achieve a positive return. With this promise Defendant expected to induce Plaintiffs to advance investment funds for PETRUS. In the Guarantee Agreement, Defendant confirmed his promise to reimburse Plaintiffs. Defendant expected that Plaintiffs would rely on the Guarantee Agreement and take no other affirmative steps toward obtaining reimbursement.

17. Based on Defendant's promise of reimbursement, Plaintiffs, to their detriment, advanced $787,500.00 for PETRUS. Additionally, based on the Guarantee Agreement, Plaintiffs, to their detriment, took no other affirmative steps to obtain the reimbursements due to them.

18. Due to Plaintiffs' substantial monetary advances and reliance on the Guarantee Agreement, Defendant's promise to reimburse Plaintiffs must be enforced to avoid the injustice that Plaintiffs would otherwise suffer.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against Defendant in the amount of $787,500.00 or such other amount as Plaintiffs prove at trial, together with interest, costs, and attorneys' fees.

## COUNT III
### Negligent Misrepresentation

19. Plaintiffs restate the allegations of paragraphs 1 through 18 of their Complaint.

20. Defendant stated that he would reimburse Plaintiffs for all funds invested in PETRUS should the investment fail to achieve a positive return. This statement was false due to the fact that Plaintiffs' investments in PETRUS did not achieve a positive return and Defendant failed to reimburse Plaintiffs.

21. Defendant anticipated or should have anticipated that Plaintiffs would rely on his statement guaranteeing reimbursement of Plaintiffs investment and that the statement would induce Plaintiffs to invest money in PETRUS.

22. Plaintiffs relied on Defendant's statement guaranteeing reimbursement and invested $787,500.00 in PETRUS to their detriment.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor against Defendant in the amount of $787,500.00 or such other amount as Plaintiffs prove at trial, together with interest, costs, and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court:

a.  grant Plaintiffs the relief requested in its Complaint; and

b.  grant Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
Philip T. Evans (D.C. Bar No. 441735)
Elizabeth L. Phelps (D.C. Bar No. 502026)
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Tel: (202) 955-3000/Fax: (202) 955-5564
Philip.evans@hklaw.com

# EXHIBIT A

Milano, 27 luglio 2005

**Pagameneti effettuati da Famiglia Landoni per il progetto PETRUS al :**   27-lug-05

| | Località | Data | Importo | Valuta | Modalità | Esecutore | Contabilità | Beneficiario | Descrizione |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | 06/11/2003 | 365.000,00 | USD | | GP. Landoni | PETRUS | GIBILTERRA -EXCELSA GROUP. CORP. | 1° CERTIFICAZIONE A VALUTAZIONE Asset |
| 2 | | 19/02/2004 | 250.000,00 | USD | | GP. Landoni | PETRUS | LONDRA -EUROPEAN INVEST. MANG. Lmng | 2° OTTENIMENTO SWIFT D.B.S |
| 3 | | 18/05/2004 | 15.000,00 | USD | | GP. Landoni | PETRUS | BUSAN PASQUALE LLOYDS LONDRA | |
| 4 | | 28/09/2004 | 80.000,00 | USD | | GP. Landoni | PETRUS | " " " " | |
| 5 | | 13/12/2004 | 47.500,00 | USD | | GP. Landoni | PETRUS | " " " " | |
| 6 | | 18/07/2005 | 30.000,00 | USD | | GP. Landoni | PETRUS | | |
| 7 | | | | | | | | | |
| | | Totale | 787.500,00 | USD | | | | | |

Milan, July 27, 2005

Amount paid by Landoni for PETRUS project as of:                July 27, 05

|   | Place | Date | Amount | Currency | Mean | Provider |   | Beneficiary | Description |
|---|---|---|---|---|---|---|---|---|---|
| 1. |   | November 06, 2003 | 365,000.00 | USD |   | GP. Landoni | PETRUS | Gibilterra-excelsa Group Corp. | 1st certification evaluation |
| 2. |   | February 19, 2004 | 250,000.00 | USD |   | GP. Landoni | PETRUS | Londra-European Invest. Manag. …. | 2nd guarantee provided D.B.S. |
| 3. |   | May 18, 2004 | 15,000.00 | USD |   | GP. Landoni | PETRUS | Musan Personals LLOYDS London |   |
| 4. |   | September 28, 2004 | 80,000.00 | USD |   | GP. Landoni | PETRUS | Musan Personals LLOYDS London |   |
| 5. |   | December 13, 2004 | 47,500.00 | USD |   | GP. Landoni | PETRUS | Musan Personals LLOYDS London |   |
| 6. |   | July 18, 2005 | 30,000.00 | USD |   | GP. Landoni | PETRUS |   |   |
| 7. |   |   |   |   |   |   |   |   |   |
|   |   | Tot. | 787,500.00 | USD |   |   |   |   |   |

# EXHIBIT B

09/28/05  02:29pm  P. 001

Egr. Sig.ri
Giampiero Landoni
Mauro Landoni
Corso Europa 197
Rho(Milano)
Italia

Stimatissimi Sig.ri Landoni,

Prima di ogni altra cosa voglio esprimervi la mia più profonda gratitudine per la fiducia e stima che mi avete concesso dal primo momento che ci siamo conosciuti, questo grazie al nostro comune amico Andrea Bernardi di cui ho immenso rispetto come lo ho di voi.

Come espresso nella nostra conversazione telefonica del 14 settembre 2005 insisto nel avere sempre piena fiducia nella nostra operazione e la capacità di Musan di portarla a termine.

<u>Premesso questo, per mezzo di questa lettera voglio confermarvi che nel caso che la operazione non dovesse andare a buon fine per qualsiasi ragione, io mi assumo personalmente la responsabilità della restituzione del capitale apportato da voi in detta operazione, non piu tardi del 30 novembre 2005, esautorando da ogni responsabilità ogni altra persona.</u> Sono arrivato a questa decisione per rincuorarvi e affinchè non pensiate che la operazione sia stata intentata come un mezzo subdolo per appropriarsi di fondi altrui.

Vi ringrazio per la continua fiducia e pazienza.

In fede,

*[signature]*

Pietro Barbi


Washington 28 Settembre 2005

Dear Sirs
Giampiero Landoni
Mauro Landoni
Corso Europa 197
Rho (Milano)
Italy


Dear Giampiero and Mauro Landoni,

First of all I would like to thank you for the trust given to me since the first time we met, this was possible thanks to our common friend Mr. Andrea Bernardi of whom I have a lot of respect as well as I have respect for yourself.

As per our conference call of September 14, 2005 I keep trusting our operation and the ability of Mr. Musan to bring it to a fine conclusion.

With this letter I hereby confirm that, whether the operation should not turn out fine for whatever reason, I will personally be the only responsible for all the money you invested in same operation, and I am going to return all the money invested within November 30, 2005. I took this decision so that you do not think that the whole operation has started as a mean to steal third parties' money.

Thank you for your on-going trust and patience.

Signed,


Pietro Barbi

Washington September 28, 2005

# EXHIBIT C

Case 1:07-cv-00462-JDB    Document 1-4    Filed 03/12/2007    Page 1 of 3

Egr. Sig.
Giampiero Landoni
Corso Europa 197
Rho (MI)
Italia

Gentile Sig. Landoni

Come da nostra ultima comunicazione telefonica confermo che effettuero' il bonifico bancario non piu tardi di lunedi 12 giugno 2006.

Con la continua stima e gratitudine invio cordiali saluti.

Rispettuosamente

Pietro Barbi

Washington 11 maggio 2006

05/11/06  03:17pm  P. 001

Dear Sirs
Giampiero Landoni
Corso Europa 197
Rho (MI)
Italy


Dear Mr. Landoni,

As per our last conference call I confirm that I will wire transfer the amount due no later than Monday June 12, 2006.

With on-going respect and gratitude I send my greetings.

Respectfully,



Pietro Barbi,

Washington May 11, 2006