**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GIAMPIERO LANDONI, et al., : | |
| Plaintiffs, : | |
| v. : | Civil Action No. 1:07-cv-00462 (JDB) |
| PIETRO BARBI, : | |
| Defendant. : | |

## JOINT LOCAL RULE 16.3 STATEMENT AND PROPOSED DISCOVERY PLAN

Plaintiffs Giampiero and Mauro Landoni ("Plaintiffs" or "Landoni") and Defendant Pietro Barbi ("Defendant" or "Barbi"), by and through the undersigned counsel, pursuant to Local Rule 16.3(d) ("Rule 16.3"), Fed. R. Civ. P. 26(f), and the Court's Order of April 17, 2007, respectfully submit their Rule 16.3 Statement and Proposed Discovery Plan. There are no matters currently scheduled in this proceeding or any motions pending.

On May 1, 2007, undersigned counsel for the parties spoke initially by telephone to discuss the issues called for under Rule 16.3, and had a subsequent telephone conference on May 3, 2007 concerning specific issues to be addressed in the report to the Court.

(1) <u>Case Tracking Category</u>:

There are currently no dispositive motions pending in this proceeding. The parties agree to submit the case on the standard track.

(2) <u>Joinder of Other Parties, Amended Pleadings, Narrowing Issues</u>:

While uncertain at this time, the parties recognize the possibility that another party may be subject to joiner and/or the pleadings may need to be amended. The parties agree that the deadline for such joinder and amendment, without leave of the Court, should be 60 days from the entry of the Scheduling Order.

(3)    Assignment to Magistrate:

The parties do not agree to assign this case to a magistrate for trial at this time. The parties agree, however, that potential discovery disputes or settlement negotiations may be referred to a magistrate.

(4)    Possibility of Settlement:

The parties do not believe that the case can be settled at the present time. The parties have agreed, however, to reevaluate their respective positions following discovery in this matter.

(5)    Alternative Dispute Resolution (ADR):

The parties are currently discussing whether the case is appropriate for referral to ADR at this time. If the parties elect to proceed to ADR, they will jointly advise the court as appropriate.

(6)    Summary Judgment, Dispositive Motions, Etc.:

At this time, the parties do not believe that any of the claims in this case, or any portions thereof, can be resolved by dispositive motions. The parties reserve the right, however, to file dispositive motions on the issue of choice of law and/or lack of an indispensable party, and further reserve the right to file summary judgment motions after discovery has been completed.

(7)    Initial Disclosures:

The exchange of initial disclosures required under Fed. R. Civ. P. 26(a)(1) shall take place within 45 days after entry of a Scheduling Order.

(8)    Discovery:

The parties have agreed that the number of document production requests and requests for admission should be unlimited. The parties agree to allow twenty-five interrogatories by each party. The parties agree that non-expert depositions may be needed, but cannot suggest an appropriate number of such depositions until after passage of the deadline for party joinder and pleading amendments. The parties reserve the right to request that a protective order be entered in the case. The parties request a non-expert discovery deadline be set 150 after the entry of a Scheduling Order.

(9)   Expert Witness Reports:

The parties agree to produce expert witness reports in accordance with Fed. R. Civ. P. 26(a)(2). The parties propose that all expert depositions, if needed, be completed within 30 days after the close of non-expert discovery.

(10)   Class Action:

The parties agree that this provision is not applicable.

(11)   Bifurcation:

The parties agree that this case should not be bifurcated.

(12)   Pretrial:

The parties propose that the pretrial conference be held at a time convenient for the Court.

(13)   Trial Date:

The parties agree that the Court need not set a firm trial date at this time and that the trial should be held 30 to 60 days after the pretrial conference.

Dated: May 15, 2007                  Respectfully submitted,

3

By: \_\_\_\_\_/s/ \_Philip T. Evans_____
Philip T. Evans (D.C. Bar No. 441735)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C.  20006
Tel:  (202)  955-3000/Fax:  (202)  955-5564
Philip.evans@hklaw.com

*Counsel for Plaintiffs*

By:_____      /s/ Andrew Fontanella_____
  Andrew Fontanella (DC Bar No. 457144)
  611 Park Avenue, Suite 100
  Baltimore, Maryland 21201
  (410) 659-7500/Fax:
  afontlaw.@verizon.net

*Counsel for Defendant*

# 4530627_v1

4