UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GIAMPIERIO LANDONI, ET AL** | * | |
| | * | |
| **PLAINTIFFS** | * | |
| | * | |
| VS. | * | CASE NO:   1:07-CV-00462 |
| | * | |
| **PIETRO BARBI** | * | |
| | * | |
| **DEFENDANT** | * | |

## ANSWER TO AMENDED COMPLAINT FOR MONEY DAMAGES, DEFENSES AND DEMAND FOR JURY TRIAL

The Defendant PIETRO BARBI, by and through his attorney, Andrew Fontanella, Esq., files this Answer to the Amended Complaint for Money Damages and Defenses and alleges:

### PARTIES

1. Admitted.

2. Admitted.

### JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

### BACKGROUND FACTS

5. It is admitted that the Plaintiffs invested $787,500.00 in the financial venture of the Defendant during the period from November 2003 through July 2005, with the proviso that the financial venture was proposed by two business associates, the Defendant and his associate in London, England, Musan Sikka,

who is not a party to this action. It is denied that the venture was called PETRUS. It is also denied that the Plaintiffs made such advances in the venture based on Defendant's specific representations that he would guarantee payment of the money invested in the project if the venture was unsuccessful.

6. It is admitted that on or about September 28, 2005, the Defendant wrote a letter in Italian attached to the Complaint as one of two letters designated Exhibit B. It is denied that this letter confirms any guarantee by the Defendant to assume personal responsibility to return all the money invested to the Plaintiffs in the event that this financial adventure was unsuccessful.

7. It is admitted that the financial venture turned out to be unsuccessful. It is admitted that the Plaintiffs have made demands upon the Defendant to reimburse them for the money invested in the financial venture. It is denied that the Defendant had any responsibility to return any money invested by the Plaintiffs in the event that the venture turned out to be unsuccessful. It is admitted that the Defendant has not reimbursed the Plaintiffs any money, because he takes the position that he has no legal responsibility to do so.

8. It is admitted that the Defendant sent a letter written in Italian on or about May 11, 2006 to the Plaintiffs. It is denied that there was any amount contractually due and owing from the Defendant to the Plaintiffs at the time that the letter was written. It is denied that the Defendant guaranteed in any way the investment made by the Plaintiffs. Any promises made after the failure of the venture, were induced by threats of physical violence to the Defendant made by the Plaintiffs.

## COUNT I

### Breach of Contract (Guarantee Agreement)

9. This is an incorporation paragraph and as such does not require a response.

10. Denied.

11. Denied.

12. It is admitted that the Plaintiffs invested $787,500.00 as a participant in a financial venture. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs discharged an obligation under said Guaranty Agreement.

13. It is denied that the Defendant failed to perform any obligations to reimburse to the Plaintiffs any money invested in the financial venture. It is denied that Defendant's failure to reimburse Plaintiffs is a breach of any said Guaranty Agreement.

14. Denied.

## COUNT II

### Promissory Estoppel

15. This is an incorporation paragraph and as such does not require a response.

16. It is denied that any promise was made by Defendant to reimburse Plaintiffs for their unsuccessful financial ventures. It is denied that any such personal guarantee was made as an inducement to cause the Plaintiffs to decide to invest. It is denied that the Guaranty Agreement confirms any promise to reimburse Plaintiffs, since the letter was made after threats and coercion

exerted by the Plaintiffs upon the Defendant. Defendant denies the remaining portion of this allegation.

17. Denied

18. Denied

## COUNT III

### Negligent Misrepresentation

19. This is an incorporation paragraph and as such does not require a response

20. Denied.

21. Denied.

22. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation.

## COUNT IV

### Fraudulent Conveyance Under D.C. Code § 28-3104

23. This is an incorporation paragraph and as such does not require a response.

24. Denied. On January 24, 2007 a deed was signed which transferred **only** the interests of the co-owners of the property, Francisco Aguirre and Galdys Aguirre, to revocable trusts established in each of their names. The deed was recorded on February 2, 2007.

25. Denied. The Defendant never transferred his interest in his home to anyone.

26. Denied.

27. Admitted that Defendant retains possession and control over his property. Denied that any transfer of Defendant's interest occurred.

## SEPARATE AND AFFIRMATIVE DEFENSES

For a further and separate defense, the Defendant says:

### FIRST DEFENSE

1. The Complaint fails to state the claim against the Defendant upon which relief can be granted.

### SECOND DEFENSE

2. The Court lacks jurisdiction over the subject matter.

### THIRD DEFENSE

3. Musan Sikka, the London associate of the Defendant, is an indispensable party in this investment contract between the Defendant and the Plaintiffs. Musan Sikka should be joined as an indispensable party. If he is outside the jurisdiction of this Court and cannot be joined, the case should be dismissed on the basis of inequity and good conscience. This action should not proceed against one member of a team of two business associates who were a team in proposing this financial investment venture.

### FOURTH DEFENSE

4. Neither Plaintiff is a creditor of the Defendant. Since no debtor/creditor relationship exists between the parties, the claim under the D.C. Fraudulent Conveyance law should be dismissed.

### FIRST AFFIRMATIVE DEFENSE

1. Any alleged agreement to reimburse the Plaintiffs for monies invested in any unsuccessful financial venture was used by duress and threats of physical bodily harm to the Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. This case should be dismissed as a case of estoppel by fraud. The Defendant has to this Complaint, a letter that was induced by threats of physical violence to create a personal guarantee that never existed at the time of the investment of the financial venture.

### THIRD AFFIRMATIVE DEFENSE

3. This contract action should be dismissed for failure of any consideration for the contract.

### FOURTH AFFIRMATIVE DEFENSE

4. This contract action should be dismissed on the basis that the contract was illegal.

### FIFTH AFFIRMATIVE DEFENSE

**5.** This contract action should be dismissed on the basis of the doctrine of laches, or any other similar law that may apply in this case.

### SIXTH AFFIRMATIVE DEFENSE

6. This contract action should be dismissed because it lacks the requirement of a writing under the Statute of Fraud, or any other similar law that may apply in this case.

### SEVENTH AFFIRMATIVE DEFENSE

7. This contract action should be dismissed based under the statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

8. This contract action should be dismissed on the basis of misrepresentation by the Plaintiffs as to the nature of any business investment agreement.

### NINTH AFFIRMATIVE DEFENSE

9. This contract action should be dismissed on the basis of waiver, or any other similar law that may apply in this case.

Respectfully Submitted,

/s/ Andrew Fontanella
Andrew Fontanella, Esq.
611 Park Avenue, Suite 100
Baltimore, Maryland 21201
(410) 659-7500
Counsel for Defendant Pietro Barbi
D.C. Bar No. 457144

## JURY DEMAND

The Defendant hereby demands a trial by jury on all issues so triable.

/s/ Andrew Fontanella, Esq.
Andrew Fontaella, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GIAMPIERIO LANDONI, ET AL** | * | |
| | * | |
| **PLAINTIFFS** | * | |
| | * | |
| VS. | * | CASE NO:   1:07-CV-00462 |
| | * | |
| **PIETRO BARBI** | * | |
| | * | |
| **DEFENDANT** | * | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of August 2007, a true and correct copy of Defendant Pietro Barbi's Answer to Amended Complaint for Money Damages and Defenses was filed electronically and served first-class mail, postage prepaid to:

Philip T. Evans
Elizabeth L. Phelps
Holland & Knight, LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006
Counsel for Plaintiffs Giampierio Landoni and Mauro Landoni

/s/ Andrew Fontanella
Andrew Fontanella