**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **GIAMPIERIO LANDONI, et al.,** |
| **Plaintiffs,** |
| **v.** |
| **PIETRO BARBI,** |
| **Defendant.** |

Civil Action No.  07-0462 (JDB)

## ORDER

Plaintiffs Giampiero and Mauro Landoni bring this action against defendant Pietro Barbi for allegedly violating a guarantee agreement in which he promised to reimburse the Landonis for monies invested in a financial venture.  They allege four claims: (1) breach of contract; (2) promissory estoppel; (3) negligent misrepresentation; and (4) fraudulent conveyance of property.  See Am. Compl. ¶¶ 9-27.  Defendant has moved to dismiss this action pursuant to Fed. R. Civ. P. 19 for failure to join another participant in the financial venture, one Musan Sikka, as a co-defendant.

The threshold requirement for determining whether litigation may proceed in the absence of a particular person or entity is whether "the absent party is 'necessary to the litigation.'"  See FDIC v. Bank of New York, 479 F. Supp. 2d 1, 9 (D.D.C. 2007) (quoting Pueblo of Sandia v. Babbitt, 47 F. Supp. 2d 49, 52 (D.D.C. 1999)).  Rule 19(a) sets forth the standards governing persons "required" for the litigation.  In relevant part, a person is "required" under the rule if "in that person's absence, the court cannot accord complete relief among existing parties," or the absent person claims an interest relating to the subject matter of the action and his absence will

"leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  <u>See</u> Fed. R. Civ. P. 19(a)(1)(A) and (a)(1)(B)(ii).

Defendant contends that Sikka is necessary to this litigation because he was the "true creator" of the underlying financial venture and thus "complete relief" cannot be provided in his absence, and because defendant Pietro is left facing a substantial risk of incurring more than "his share" of the guaranty.  Def.'s Mem. at 8-10.  But complete relief can clearly be provided in Sikka's absence.  Plaintiffs seek recovery from defendant based solely on the alleged guarantee agreement signed by defendant and an alleged fraudulent conveyance of defendant's home to avoid payment -- not on any possible malfeasance in the underlying financial venture.  <u>See</u> Am. Compl. ¶¶ 5-27 & Exhibit B.  Even if the evidence later shows that Sikka and defendant should be considered co-obligors on the alleged guarantee agreement, "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."  <u>Temple v. Synthes Corp., Ltd.</u>, 498 U.S. 5, 7 (1990); <u>see also</u> <u>Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.</u>, 11 F.3d 399, 408 (3d Cir. 1993) ("'the joinder of obligors is left to the plaintiff's discretion by many courts and he may select defendants without being concerned about dismissal because of nonjoinder'") (quoting 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1613, at 182-85 (2d ed. 1986)).  Furthermore, there is no concern regarding a "double" or "multiple" recovery against defendant Barbi because plaintiffs are the sole possessors of the rights being asserted against him.  <u>See</u> <u>Primax Recoveries, Inc. v. Lee</u>, 260 F. Supp. 2d 43, 51 (D.D.C. 2003) (holding that joinder was not required where plaintiff was the "sole possessor of the rights being asserted" and hence no multiple or inconsistent

obligations could arise).

Accordingly, it is hereby

**ORDERED** that defendant's motion to dismiss is **DENIED.**

**SO ORDERED**.

                                              /s/
                                     JOHN D. BATES
                            United States District Judge

Date:   July 14, 2008