UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIAMPIERO LANDONI and <br> MAURO LANDONI )<br> )<br> Plaintiffs, )<br> )<br> v. )<br> )<br> PIETRO BARBI )<br> )<br> Defendant. )<br> ) | Civil Action No. 1:07-cv-462 |

# JOINT PRETRIAL STATEMENT

Pursuant to Local Rule 16.5, Plaintiffs Giampiero Landoni and Mauro Landoni (collectively "Landonis") and Defendant Pietro Barbi, by their respective counsel, hereby submit this Joint Pretrial Statement.

**I.     Statement of the Case**

    **A.     Plaintiffs' Statement**

Plaintiffs Giampiero Landoni and Mauro Landoni filed the Amended Complaint on August 14, 2007, alleging breach of contract, promissory estoppel, negligent misrepresentation, and fraudulent conveyance against Defendant Pietro Barbi. The causes of action stem from a guarantee agreement made by Defendant to the Landonis, whereby Defendant agreed to reimburse the Landonis for monies they invested in a financial venture organized and initiated by Defendant, if the financial venture proved unsuccessful. The financial venture never materialized, Defendants failed to reimburse Plaintiffs as promised, and Plaintiffs lost almost $800,000 as a result of Defendant's failure.

The Court's jurisdiction is based on diversity as the action is between citizens of different states or countries and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**B.     Defendant's Statement**

The Defendant Pietro Barbi, a financial consultant, sought to attract investors for a financial venture which utilized historic Paraguayan war bonds. He employed the assistance of his colleague, Musan Sikka, a financial business consultant residing in England, who had more experience with such ventures.

The Defendant was an acquaintance of Mr. Andrea Bernardi, a broker who thought that the Plaintiffs would be willing investors in such a financial venture. The Plaintiffs agreed to fund the venture and to divide the proceeds amongst various people as spelled out in a pre-contractual agreement prepared for the Plaintiffs by the Defendant.

The Defendant made no verbal guarantees to reimburse the Plaintiffs if the financial venture failed. Months following the last infusion of cash made by the Plaintiffs, the Defendant wrote a letter to the Plaintiffs, which stated that the Defendant would be the sole guarantor of all monies invested by Plaintiffs if the deal failed. This letter was only written by the Defendant after multiple threats of physical violence made against the Defendant by Plaintiff Mauro Landoni.

**II.     Statement of the Claims**

**A.     Plaintiffs' Claims**

Plaintiffs assert the following claims against Defendant:

1.     Breach of Contract: Defendant agreed to reimburse Plaintiffs for all funds invested in the financial venture should the investment fail to achieve a positive return. Based

upon this representation, Plaintiffs advanced $787,500.00 for the financial venture. The financial venture was unsuccessful and Defendant breached the agreement by failing to reimburse Plaintiffs for the amount of Plaintiff's investment

2. Promissory Estoppel: Defendant promised to reimburse Plaintiffs for all funds invested in the financial venture should the investment fail to achieve a positive return. With this promise Defendant expected to induce Plaintiffs to advance funds for the financial venture, and based on Defendant's promise of reimbursement, Plaintiffs, to their detriment, advanced $787,500.00 for the financial venture. Defendant's promise to reimburse Plaintiffs must be enforced to avoid the injustice that Plaintiffs would otherwise suffer.

3. Negligent misrepresentation: Defendant stated that he would reimburse Plaintiffs for all funds invested in the financial venture should the investment fail to achieve a positive return. Plaintiffs relied on Defendant's statement guaranteeing reimbursement, which Defendant should have anticipated, and invested $787,500.00 in the financial venture to their detriment. The promise of a guarantee by Defendant was negligent as Defendant knew, or should have known, that the proposed investment was extremely risky, if not impossible.

4. Fraudulent conveyance: Defendant fraudulently transferred the title to his home located at 4722 Upton Street NW, Washington, DC 20016 on February 1, 2007 with the intent to hinder, delay, and defraud Plaintiffs. Plaintiffs' claim against Defendant arose before the transfer was made. Defendant transferred the title to Francisco Aguirre, a relative of Defendant's spouse, as a trustee, yet, Defendant continues to retain possession or control over the property following the transfer.

**B.     Defendant's Claims**

Defendant asserts no claims against Plaintiffs in this action.

### III. Statement of Defenses Raised by the Parties

#### A. Plaintiffs' Defenses

Plaintiffs assert no defenses against Defendant in this action.

#### B. Defendant's Defenses

1. <u>Lack of Mutual Assent</u>. Any alleged agreement to reimburse the Plaintiffs for monies invested in any unsuccessful financial venture was used by duress and threats of physical bodily harm to the Defendant. The Plaintiffs have annexed to the Complaint a letter from the Defendant that he would guarantee the financial investment personally. This is the only written evidence of such a guarantee that was induced by threats of physical violence.

2. <u>Lack of Consideration</u>. The first written evidence of Defendant's guarantee was by letter dated September 28, 2005. There is no consideration for a guarantee made subsequent to the initial agreement and subsequent to the last infusion of cash by Plaintiffs on July 18, 2005.

### IV. Schedule of Witnesses to be Called

The parties reserve the right to seek leave to amend their respective witness lists to add or delete potential witnesses, to call any witness listed on the opposing party's witness list, and to present witnesses not listed as may be necessitated by the presentation of witnesses by the opposing party and/or for rebuttal purposes.

#### A. Plaintiffs' Schedule of Witnesses

Plaintiff expects the call the following witnesses:

1. Mauro Landoni
   Via Motta 21
   Ch-6900
   Lugano, Switzerland

Mauro Landoni will testify as to the Plaintiffs' communications with Defendant, including the numerous promises and ultimate agreement between the parties that Defendant

would reimburse Plaintiffs for the monies invested in the financial venture if it did not result in a positive return. Mauro Landoni will further testify as financial disbursements made by Plaintiffs toward the financial venture, including the circumstances surrounding each disbursement, and the fact that Plaintiffs have been damaged in the amount of $787,500.00 with additional interest, costs, and attorneys' fees.

    2.    Giampiero Landoni
           Corso Europa 97
           I-20017 RHO
           Milano, Italy

Giampiero Landoni may testify as to the Plaintiffs' communications with Defendant, including the numerous promises and ultimate agreement between the parties that Defendant would reimburse Plaintiffs for the monies invested in the financial venture if it did not result in a positive return.

    3.    Robert W. Ross
           Holland & Knight LLP
           2099 Pennsylvania Avenue, NW
           Washington, DC 20006

Robert W. Ross, a licensed private investigator, will testify as to the results of inquiry conducted by him concerning certain documents produced in this matter concerning the proposed regarding certain parties and financial institution involved in alleged financial venture.

    4.    Pietro Barbi
           4722 Upton Street, NW
           Washington, DC 20016

Mr. Barbi, the Defendant in this action, may be called in Plaintiffs' case in chief to testify about certain documents provided to Plaintiffs, as well as certain statements made to Plaintiffs.

    **B.**    **Defendant's Schedule of Witnesses**

    1.    Pietro Barbi
           4722 Upton Street, NW

Washington, DC 20016

Pietro Barbi will testify as to the nature of the transaction, any communications between the parties and third parties regarding the financial venture and the fact that no personal guaranty was made  Also, he will testify that he was threatened by Plaintiff Mauro Landoni to write the letter of September 28, 2005.

    2.    Musan Sikka
           19 Newman Street
           London W1
           England

Musan Sikka will testify as to the nature of the transaction, any communications between the parties and third parties regarding the financial venture and the fact that no personal guaranty was made.

    3.    Andrea Bernardi
           Via Flli. Cervi 1
           20010 Bareggio MI
           Italy

Andrea Bernardi will testify as to the nature of the transaction any communications between the parties and with third parties regarding the financial venture and the fact that no personal guaranty was made.

    4.    Francisco Aguirre
           4722 Upton Street, NW
           Washington, DC 20016

Francisco Aguirre will testify to the reason for the transfer of any portion of the property at 4722 Upton Street, NW, Washington, DC 20016 on or about February 1, 2007.

The Defendant reserves the right to call any witnesses of the Plaintiffs in his case-in-chief, or for rebuttal purposes, or top identify or authenticate any documents produced by Plaintiffs or Defendant.

V.  **List of Exhibits to be Offered in Evidence**

A.  **Plaintiffs' List of Exhibits**

Plaintiffs' exhibits are as follows. Plaintiff also reserves the right to introduce and rely upon, Defendant's exhibits or documents referenced in Defendant's Exhibit List.

1. October 22, 2003 Email from Pietro Barbi to Andrea Bernardi

2. October 22, 2003 Memorandum from Pietro Barbi to Andrea Bernardi/Giampiero Landoni

3. October 29, 2003 Pre Contractual Agreement

4. October 30, 2003 Email from Pietro Barbi to Andrea Bernardi

5. November 6, 2003 Facsimile Transmission from Excelsa Group Corp.

6. February 17, 2004 Letter from Deutsche Bank

7. February 18, 2004 Letter from Century Financial Brokers LLC

8. February 19, 2004 Receipt of Payment for $250,032.07

9. May 18, 2004 Receipt of Payment for $15,031.71

10. September 28, 2004 Receipt of Payment for $80,031.04

11. September 28, 2004 Receipt of Payment for $364,000.00

12. December 13, 2004 Receipt of Payment for $47,532.95

13. July 18, 2005 Receipt of Payment for $30,031.60

14. Spreadsheet of payments made on by Plaintiffs for the financial venture, dated July 27, 2005

15. September 28, 2005 Letter from Pietro Barbi to Giampiero Landoni and Mauro Landoni

16. May 11, 2006 Letter from Peitro Barbi to Giampiero Landoni

17. March 29, 2006 Fax Cover Page from Giampiero Landoni to Pietro Barbi

18. October 11, 2006 Letter from Eugene Gruemberg to Pietro Barbi

19. October 26, 2006 Letter from Eugene Gruemberg to Pietro Barbi

20. Copies of Paraguayan Bonds

21. Defendant's Answers to Plaintiffs' Interrogatories and Document Requests

22. Summary Chart as to Plaintiff's Damages and Interest Claims

**B.    Defendant's List of Exhibits**

Defendant's exhibits are as follows. Defendant also reserves the right to introduce and rely upon, Plaintiffs' exhibits or documents referenced in Plaintiffs' Exhibit List.

1. October 22, 2003 Email from Pietro Barbi to Andrea Bernardi

2. October 22, 2003 Memorandum from Pietro Barbi to Andrea Bernardi/Giampiero Landoni

3. October 29, 2003 Pre Contractual Agreement

4. October 30, 2003 Email from Pietro Barbi to Andrea Bernardi

5. November 6, 2003 Facsimile Transmission from Excelsa Group Corp.

6. February 17, 2004 Letter from Deutsche Bank

7. February 18, 2004 Letter from Century Financial Brokers LLC

8. February 19, 2004 Receipt of Payment for $250,032.07

9. May 18, 2004 Receipt of Payment for $15,031.71

10. September 28, 2004 Receipt of Payment for $80,031.04

11. September 28, 2004 Receipt of Payment for $364,000.00

12. December 13, 2004 Receipt of Payment for $47,532.95

13. July 18, 2005 Receipt of Payment for $30,031.60

14. Spreadsheet of payments made on by Plaintiffs for the financial venture, dated July 27, 2005

15. September 28, 2005 Letter from Pietro Barbi to Giampiero Landoni and Mauro Landoni

16. May 11, 2006 Letter from Peitro Barbi to Giampiero Landoni

17. March 29, 2006 Fax Cover Page from Giampiero Landoni to Pietro Barbi

18. October 11, 2006 Letter from Eugene Gruemberg to Pietro Barbi

19. October 26, 2006 Letter from Eugene Gruemberg to Pietro Barbi

20. Copies of Paraguayan Bonds

21. Schematic drawing marked as Exhibit 1 to Deposition of Plaintiff Mauro Landoni.

22. Schematic drawing marked as Exhibit 2 to Deposition of Plaintiff Mauro Landoni.

23. Plaintiffs' Answers to Interrogatories

24. Certified copies of deed to real property 4722 Upton Street, NW, Washington, DC 20016, for transfers or title to property before and after February 1, 2007.

25. Deposition of Mauro Landoni of November 15, 2007.

VI. **Designation of Depositions to be Offered in Evidence**

   A. **Plaintiffs' Designation of Depositions**

   1. Pietro Barbi, dated November 16, 2007.

| | | | |
|---|---|---|---|
| 6:8-7:6 | 54:8-62:15 | 105:20-107:3 | 142:14-143:18 |
| 10:17-12:22 | 63:6-13 | 108:14-19 | 144:15-145:14 |
| 13:10-15:12 | 65:20-66:21 | 109:4-113:14 | 150:11-151:18 |
| 17:13-19:12 | 69:2-71:7 | 115:7-117:4 | 157:5-10 |
| 20:18-22:19 | 73:4-10 | 117:8-120:14 | 160:11-22 |
| 23:1-6 | 74:19-75:21 | 121:9-122:2 | 163:19-164:2 |
| 23:14-28:7 | 76:20-77:14 | 122:21-125:4 | 165:2-6 |
| 28:15-29:16 | 78:1-81:4 | 125:11-126:8 | 165:12-22 |
| 30:9-32:8 | 81:8-84:7 | 128:8-21 | 167:1-7 |
| 32:12-35:11 | 84:12-85:15 | 130:1-131:18 | 168:1-169:9 |
| 36:1-39:18 | 86:14-94:11 | 133:7-15 | 173:9-174:10 |
| 42:15-19 | 94:21-95:22 | 135:17-138:7 | 177:20-178:3 |
| 43:17-46:2 | 97:1-101:3 | 138:19-139:8 | |
| 48:5-50:7 | 101:12-102:10 | 139:15-20 | |
| 51:21-53:6 | 103:5-104:20 | 141:19-22 | |

    **B.**    **Defendant's Designation of Depositions**

    1.    Deposition of Mauro Landoni, dated November 15, 2007.

| | | | |
|---|---|---|---|
| Page 38 L 15-19 | Page 79 L 3-21 | Page 114 L 2-18 | Page 130 L 3-9 |
| Page 44 L 12-17 | Page 86 L 3-15 | Page 115 L 1-6 | Page 131 L 19-22 |
| Page 60 L 20-22 | Page 88 L 5-14 | Page 126 L 20-22 | Page 132 L 1-21 |
| Page 61 L 1-22 | Page 107 L 1-20 | Page 127 L1-22 | |
| Page 62 L1 | Page 113 L 9-19 | Page 128 L 1-4 | |

Defendant reserves the right to supplement this list with sufficient notice to opposing counsel.

**VII.**    **Itemization of Damages**

    **A.**    **Plaintiffs' Itemization**

Plaintiffs request $787,500.00 in damages in addition to pre- and post-judgment interest, costs, and attorneys' fees.

    **B.**    **Defendant's Itemization**

Inapplicable.

**VIII.**    **Requested Relief**

    **A.**    **Plaintiffs' Requested Relief**

In addition to damages awarded for Defendant's breach of his obligations to Plaintiffs, Plaintiffs submit that Defendant's conduct may justify an award of attorney's fees.

    **B.**    **Defendant's Requested Relief**

Defendant requests that the any and all requests for damages be denied, and that there be a denial of any finding that Defendant participated in a fraudulent conveyance in violation of 28-3104 of the D.C. Code.

**IX.**    **Proposed Vior Dire Questions**

    **A.**    **Plaintiffs' Proposed Questions**

1. Ladies and Gentlemen, I have previously given you a brief explanation of the nature of this case. Do any of you know anything about this case or have you heard anything about it?

2. I will now introduce the parties to this case and then ask whether you know or have heard of any of them.

> The plaintiffs are Mauro Landoni and his father Giampiero Landoni, both whom reside in Italy. Are any of you acquainted with either Mauro or his father Giampiero?

> The defendant is Pietro Barbi, a resident of Washington, DC. Mr. Barbi is an independent consultant for different government agencies in Latin America.

3. The plaintiffs are represented by Philip Evans of the firm of Holland & Knight, LLP located here in Washington, D.C. Are any of you acquainted with Mr. Evans or his law firm?

4. The defendant is represented by Andrew Fontanella, who has his own law firm in Baltimore, Maryland. Are any of you acquainted with Mr. Fontanella?

5. I will introduce the witnesses who may testify during trial and then ask if you are acquainted with any of them.

> Both Mauro Landoni and Pietro Barbi, whom I already have introduced, may testify.

> Robert W. Ross, who is employed by Holland & Knight, may testify.

> Are any of you acquainted with any of these prospective witnesses?

*[Introduction to next set of questions]* This case, as you have heard, involves alleged breach of contract related to a promise made by Defendant that he would reimburse Plaintiff's for their investment in a financial venture initiated by Defendants.

6. Do any of you, or close family members or friends, work in the banking or investment industry?

7. Do any of you have any expertise or training in the banking or investment industry?

11

8.  Have any of you, or close family members or friends, ever been involved in a matter regarding alleged breach of contract as a result of a promise that someone would reimburse you for an investment you made? Have any of you, or close family members or friends, ever been involved in an investment or financial matter in which you believed you were deceived or misled by the promoter or organizer of the investment?

9.  Have any of you, or close family members or friends, ever been parties to a civil law suit? [Follow-up questions to be conducted at the bench: What was that case about? Were you (or your family member or friend) the plaintiff or defendant? How did the case turn out? Is there anything about that experience that would make it difficult for you to sit as a juror on this case?]

10. Have any of you, or close family members or friends, ever been a victim of a crime, a witness to a crime, or accused of any crime? [Follow-up questions to be conducted at the bench: What is your answer? Were you (or your family member or friend) a victim, a witness, or accused? What sort of offense was it? How did the case turn out? Is there anything about that experience that would make it difficult for you to sit as a juror on this case?]

11. Some of the testimony to be offered in this case will be through an interpreter. Do any of you have any hesitation in considering testimony which is not delivered in English?

12. Is there any other reason why it would be difficult for you to serve as a juror on this case and to decide it fairly and impartially?

**B.    Defendant's Proposed Questions**

The Defendant has no special proposed questions and accepts those proposed by Plaintiffs.

**X.    Proposed Jury Instructions**

A. **Plaintiffs' Proposed Instructions**

1. Modern Federal Jury Instructions, Civil § 71-2 (2007), Role of the Court

2. Modern Federal Jury Instructions, Civil § 71-3 (2007), Role of the Jury

3. Modern Federal Jury Instructions, Civil § 71-5 (2007), Jury to Disregard Court's View

4. Modern Federal Jury Instructions, Civil § 71-6 (2007), Conduct of Counsel

5. Modern Federal Jury Instructions, Civil § 71-9 (2007), Race, Religion, National Origin, Sex or Age

6. Modern Federal Jury Instructions, Civil § 74-1 (2007), What Is and Is Not Evidence

7. Modern Federal Jury Instructions, Civil § 74-2 (2007), Circumstantial Evidence

8. Modern Federal Jury Instructions, Civil § 74-14 (2007), Depositions

9. Modern Federal Jury Instructions, Civil § 75-4 (2007), Uncalled Witness Equal Available

10. Modern Federal Jury Instructions, Civil § 76-2 (2007), Witness Credibility

11. Standardized Civil Jury Instructions for the District of Columbia § 11.02, Contract Formation—Elements

12. Standardized Civil Jury Instructions for the District of Columbia § 11.03, Offer

13. Standardized Civil Jury Instructions for the District of Columbia § 11.04, Acceptance

14. Standardized Civil Jury Instructions for the District of Columbia § 11.05, Consideration

15. Standardized Civil Jury Instructions for the District of Columbia § 11.07, Intent to be Bound

16. Standardized Civil Jury Instructions for the District of Columbia § 11.10, Oral Contracts

17. Standardized Civil Jury Instructions for the District of Columbia § 11.17, Breach of Contract—Defined

18. Throughout this proceeding you have heard the terms "guarantee" or "guarantee agreement" to refer to the both Mr. Barbi's written agreement to repay the Landonis for their investment and Mr. Barbi's oral promises to repay the Landonis for their investment. For the purposes of this case, the terms "guarantee" and "guarantee agreement" mean the same as "contract" as far as these instructions have described the claim "breach of contract."

19. Standardized Civil Jury Instructions for the District of Columbia § 11.31, Breach of Contract—Damages

20. Plaintiffs have alleged that Defendant Barbi committed negligent misrepresentation. To receive damages for negligent misrepresentation, Plaintiffs must prove each of the following elements of the claim:[1]

    a. Defendant Barbi negligently communicated false information. Negligence is the failure to exercise ordinary care. To exercise ordinary care means to use the same caution, attention or skill that a reasonable person would use under similar circumstances. It is negligent to do something that a person using ordinary care would not do. It is also negligent to fail to do something that a person using ordinary care would do.[2]

    b. Defendant Barbi intended or should have recognized that the Landonis would likely be damaged by action taken in reliance upon his misrepresentation. In determining whether Mr. Barbi should have recognized that the Landonis would rely on Mr. Barbi's representation to their detriment, you should consider whether such reliance by the Landonis was foreseeable.

    c. The Landonis reasonably relied upon the false information to their detriment.

21. Standardized Civil Jury Instructions for the District of Columbia § 12.01, Damages—Jury to Award

22. The law allows you to award prejudgment interest on your damages award.[3] In other words, you may award interest from the time the Landonis advanced monies based upon promises or statements made by Mr. Barbi which you conclude have not been honored. You may award prejudgment interest even though this type of interest was not explicitly stated in the contract or agreement between Mr. Barbi and the Landonis.[4] You may also award prejudgment interest even if you do not

---

[1] *See Hall v. Ford Enterprises, Ltd.*, 445 A.2d 610, 612 (D.C. 1982).
[2] *See* Standardized Civil Jury Instructions for the District of Columbia § 5.02, Negligence Defined.
[3] *See* D.C. Code § 15-109
[4] *See District of Columbia v. Pierce Associates, Inc.*, 527 A.2d 306, 310 (D.C. 1987)

find that a clear contractual relationship existed between Mr. Barbi and the Landonis.[5]

**B.    Defendant's Proposed Instructions**

The Defendant requests that the Court charge the jury in accordance with the law as outlined in section XIII (B) below.

**XI.    Proposed Verdict Form**

**A.    Plaintiffs' Proposed Form**

Attached as Exhibit A.

**XII.    Statement Addressing which Jurisdiction's Law Should be Applied**

**A.    Plaintiffs' Statement**

The law of the District of Columbia should apply to Plaintiffs' claims as the District of Columbia has the most significant relationship to agreement between the parties, which is the subject of this suit. *See Stephen A. Goldberg Co. v. Remsen Partners, Ltd.*, 170 F.3d 191, 194 (D.C. Cir. 1999).

**B.    Defendant's Statement**

The Defendant agrees with the Plaintiffs' statement that the law of the District of Columbia should apply to Plaintiff's claims as well as to Defendant's defenses to such claims.

**XIII.    Statement of Law Supporting Claims/Defenses**

**A.    Plaintiffs' Statement of Law**

Pursuant to the law of the District of Columbia, "[c]ontract damages ... are intended to give the [injured party] the benefit of his bargain by awarding him a sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been performed." *Vector Realty Group, Inc. v. 711 Fourteenth Street, Inc.*, 659 A.2d 230, 234 n.8

---

[5] *See House of Wines, Inc. v. Sumter*, 510 A.2d 492, 499 (D.C. 1986).

(D.C. 1994) (quoting Rest. 2d Contracts § 347 comment (1981)). Thus, in this case, Plaintiff's requested damages of $787,500.00 plus prejudgment interest, costs, and attorneys' fees, as a result of Defendant's breach of the contract and promise between Defendant and Plaintiffs, are an appropriate remedy and resolution for this dispute. *See also Phenix-Georgetown, Inc. v. Chas. H. Tompkins Co.*, 477 A.2d 215, 225 (D.C. 1984) (holding that "damages which are normally recoverable in actions for breach of contract are those which arise directly from the breach itself, or could reasonably have been in contemplation of both parties when they made the contract").

Plaintiffs are entitled to attorney fees, which can be granted by a federal court "when the interests of justice so require." *Hall v. Cole*, 412 U.S. 1, 5 (1973). In this case, Defendant acted in "bad faith, vexatiously, wantonly, or for oppressive reasons," and therefore an award of attorney fees is appropriate. *Id.*

**B.    Defendant's Statement of Law**

1.    Contracts entered into through duress:

A contract is voidable at the innocent party's option when entered into under duress or coercion, and for that purpose, "duress" is any wrongful threat of one person by words or other conduct that induces another to enter into a transaction under the influence of such fear as precludes him from exercising free will and judgment, and "coercion" includes a compulsion brought about by moral force or in some other manner with or without physical force. <u>Weaver v. Bratt,</u> 421 F Supp 2d. 25 (D.D.C. 2006). Party who seeks to set aside a contract on the basis of duress can succeed only if he produces proof of (1) wrongful act or improper threat; (2) absence of reasonable alternative to entering agreement; and (3) lack of free will. <u>Qualls v. Rumsfeld</u>, 412 F. Supp 2d. 40 (D.D.C. 2006); <u>Osborne v. Howard University Physicians, Inc</u>. 904 A.2d. 335 (D.C. 2006)

16

2. <u>Negligent misprepresentation</u>:

The elements of negligent misrepresentation under the District of Columbia law are (1) negligent communication of false information, (2) which defendant anticipated or should have anticipated was likely to induce action or inaction by plaintiff, (3) and on which plaintiff did reasonably rely. <u>Ferenc v. World Child, Inc.</u>, 977 F.Supp 56, affirmed 172 F.3d 919, 335 U.S. App. D.C. 318 (1997).

3. <u>Attorneys Fees and interest as part of damages</u>:

As a general rule, absent any contractual or statutory liability, a successful litigant may not recover attorneys fees as an item of damages or costs from the losing party. <u>Biddle v. Chatel</u>, 421 A.2d 3 (D.C. 1980); <u>Tatum v. Morton</u>, 386 F. Supp 1308 (D.C.D.C.1974).

The measure of damages for a breach of a covenant to pay a certain sum upon a specified contingency is, prima facie, the sum named in the covenant. <u>Clark v. Harmer</u>, 5 App. D.C. 114 (C.A.D.C 1895)

**XIV. Unusual Issues of Fact/Evidence**

None.

Respectfully submitted,

| | |
|---|---|
| HOLLAND & KNIGHT LLP | LAW OFFICE OF ANDREW FONTANELLA |
| By: /s/ Elizabeth L. Phelps | By: /s/ Andrew Fontanella |
| Philip T. Evans (D.C. Bar No. 441735) | Andrew Fontanella (Bar No. 457144) |
| Elizabeth L. Phelps (D.C. Bar No. 502026) | 611 Park Avenue |
| 2099 Pennsylvania Ave., N.W., Suite 100 | Suite 100 |
| Washington, D.C. 20006 | Baltimore, MD 21201 |
| Tel: (202) 955-3000/Fax: (202) 955-5564 | Tel: (410) 659-7500 |
| philip.evans@hklaw.com | afontlaw@verizon.net |
| libby.phelps@hklaw.com | *Counsel for Defendant* |
| *Counsel for Plaintiffs* | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 8th of September, 2008, she caused a copy of the foregoing to be served by means of the ECF system on:

Andrew Fontanella, Esq.
LAW OFFICE OF ANDREW FONTANELLA
611 Park Avenue
Suite 100
Baltimore, MD 21201

                                      /s/ Elizabeth L. Phelps
                                      Elizabeth L. Phelps

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GIAMPIERO LANDONI and<br>MAURO LANDONI | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 1:07-cv-462 |
| PIETRO BARBI | )<br>)<br>) | |
| Defendant. | )<br>) | |

## PLAINTIFFS' PROPOSED VERDICT FORM

1.  Do you find that the Defendant, Pietro Barbi, breached an agreement or promise to Plaintiff's Mauro and Giampero Landoni, or otherwise acted in a manner which caused the Landonis to invest money in a financial venture which failed?

    Yes_____    No_____

2.  If your answer to the question above is yes, how much money should be awarded by Defendant Pietro Barbi to Plaintiffs Mauro and Giampero Landoni as damages in the amount of $_____ and prejudgment interest in the amount of $_____.

# 5592734_v1